1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY J ESPINDA, the living woman,<br><br>Plaintiff,<br><br>v.<br><br>DYLAN R CARDOZA, the living man,<br><br>Defendant. | No. 4:23-CV-05023-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**ECF No. 22** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 22. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

## BACKGROUND

**A. Procedural History**

This is one of four Complaints that Plaintiff has filed this year; all the claims arise out of debt collection actions taken against Plaintiff. *See Espinda v. Cardoza*, 4:23-cv-5023-MKD (E.D. Wash. Feb. 21, 2023); *Espinda v. Hohenberg*, 4:23-cv-

ORDER - 1

5155-MKD (E.D. Wash. November 21, 2023); *Espinda v. Wasson*, 4:23-cv-5032-MKD (E.D. Wash. Oct. 16, 2023).

Plaintiff filed the instant *pro se* Complaint on February 21, 2023, alleging false or misleading representations, unfair practices, validation of debts, false claims, breach of encroachment, and trespass violations against Defendant Dylan R. Cardoza. ECF No. 1. These allegations arise out of incidents taking place in November of 2022, when Defendant contacted Plaintiff regarding an alleged debt owed. *Id.* at 4.

On March 29, 2024, Defendant filed a Motion for Summary Judgment. ECF No. 22. On April 2, 2024, notice of Defendant's Motion was provided to Plaintiff. ECF No. 26. On April 29, 2024, Plaintiff objected to Defendant's Motion. ECF No. 28.

**B. Undisputed Facts**

Defendant included a statement of facts genuinely not in dispute as a section in his motion for summary judgment.[1] ECF No. 22 at 2-3. Plaintiff did not

---

[1] Defendant did not comply with Local Rule 56, which requires the party filing a motion for summary judgment to "separately file" a Statement of Material Facts Not in Dispute. LCivR 56.

ORDER - 2

provide a statement of disputed facts.[2]  ECF No. 28.  The Court may consider a

fact undisputed and admitted unless controverted by the procedures set forth in

Local Rule 56(c).  LCivR 56(e).  Defendant's statement of facts is deemed

undisputed and admitted.

Defendant is employed by Suttell & Hammer, P.S. (Suttell & Hammer).

ECF No. 23 at 1.  Suttle & Hammer is a creditors' rights law firm, which assists its

clients through litigation concerning past due credit accounts.  ECF No. 22 at 2.  JP

Morgan Chase engaged Suttell & Hammer to assist with recovering Plaintiff's

alleged debt of $19,625.97.  *Id.*  On December 21, 2022, Suttell & Hammer sent its

initial communication to Plaintiff, on behalf of JP Morgan Chase.  *Id.*  The

communication complied with U.S.C. § 1692 (the "FDCPA") and Regulation F.

*Id.*  Suttell & Hammer completed a search of its records and was unable to find any

dispute letter or validation request from Plaintiff regarding this JP Morgan Chase

debt.  *Id.*  On February 2, 2023, the underlying lawsuit was filed on behalf of JP

---

[2] Plaintiff did not comply with Local Rule 56, which requires the party opposing

the motion for summary judgment to "separately file" a Statement of Disputed

Material Facts.  LCivR 56.  Plaintiff's response does not specifically dispute any of

Defendant's undisputed facts.  *See* ECF No. 28.

ORDER - 3

1   Morgan Chase to collect an alleged $19,625.97 of credit card debt from the

2   Plaintiff.  *Id.*

3        On February 21, 2023, Plaintiff filed this case against Dylan R. Cardoza,

4   alleging violations of the FDCPA, breach of encroachment, and trespass.  *Id*. at 2-

5   3.  Plaintiff subsequently contacted the fraud department of JP Morgan Chase.  *Id.*

6   at 3.  On March 30, 2023, JP Morgan Chase responded to a letter from the

7   Plaintiff, stating she is responsible for this JP Morgan Chase account.  *Id*. at 3.  On

8   May 15, 2023, Plaintiff filed her initial disclosures and accompanying exhibits

9   with the Court.  *Id*.  Defendant and Plaintiff exchanged requests for admission, and

10  each received responses.  *Id*.  Defendant sent Plaintiff interrogatories and requests

11  for production on December 8, 2023.  *Id*.  As of the date of Defendant's motion,

12  Plaintiff had not responded to Defendant's interrogatories or requests for

13  production.  *Id*.

14                                **LEGAL STANDARD**

15       A district court must grant summary judgment "if the movant shows that

16  there is no genuine dispute as to any material fact and the movant is entitled to

17  judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

18  477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin.*, LLC, 934 F.3d 901, 906

19  (9th Cir. 2019).  "A fact is 'material' only if it might affect the outcome of the

20  case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the

ORDER - 4

1    issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA,*

2    *LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby,*

3    *Inc.*, 477 U.S. 242, 248 (1986)).

4        The moving party "bears the initial responsibility of informing the district

5    court of the basis for its motion, and identifying those portions of 'the pleadings,

6    depositions, answers to interrogatories, and admissions on file, together with the

7    affidavits, if any,' [that] demonstrate the absence of a genuine dispute of material

8    fact." *Celotex,* 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)).  Once the

9    moving party has satisfied its burden, to survive summary judgment, the non-

10   moving party must demonstrate by affidavits, depositions, answers to

11   interrogatories, or admission on file "specific facts showing that there is a genuine

12   [dispute of material fact] for trial." *Id.* at 324.

13       The Court "must view the evidence in the light most favorable to the

14   nonmoving party and draw all reasonable inference in the nonmoving party's

15   favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).  "Credibility

16   determinations, the weighing of the evidence, and the drawing of legitimate

17   inferences from the facts are jury functions, not those of a judge . . . ." *Anderson,*

18   477 U.S. at 255.  "Summary judgment is improper 'where divergent ultimate

19   inferences may reasonably be drawn from the undisputed facts.'" *Fresno Motors,*

20

ORDER - 5

771 F.3d at 1125 (quoting *Miller v. Glenn Miller Prods., Inc.,* 454 F.3d 975, 988 (9th Cir. 2006)).

A *pro se* litigant's contentions offered in motions and pleadings are properly considered evidence "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [a litigant] attest[s] under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a *pro se* plaintiff's verified pleadings must be considered as evidence in opposition to summary judgment). Conversely, unverified pleadings are not treated as evidence. *Contra Johnson v. Meltzer*, 134 F.3d 1393, 1399-400 (9th Cir. 1998) (verified motion swearing that statements are "true and correct" functions as an affidavit); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading counts as "verified" if drafter states under penalty of perjury that the contents are true and correct). Although *pro se* pleadings are held to less stringent standards than those prepared by attorneys, *pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

ORDER - 6

1

**DISCUSSION**

2

**A. Validation and Verification of Debt**

3

Defendant contends that Plaintiff has failed to show that her debt was not

4

properly validated and verified.  ECF No. 22 at 5-9.  "At the minimum,

5

'verification of a debt involves nothing more than the debt collector confirming in

6

writing that the amount being demanded is what the creditor is claiming is owed.'"

7

*Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th Cir.

8

2006) (citing *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd,* 66 F.3d

9

342 (11th Cir. 1995)); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)

10

(citing *Azar*, 874 F. Supp. at 1317).  Section 1692g(b) governs disputed debts:

11

> If the consumer notifies the debt collector in writing within

12

> the thirty-day period described in subsection (a) that the
> debt, or any portion thereof, is disputed, or that the

13

> consumer requests the name and address of the original
> creditor, the debt collector shall cease collection of the
> debt, or any disputed portion thereof, until the debt

14

> collector obtains verification of the debt or a copy of a
> judgment, or the name and address of the original creditor,

15

> and a copy of such verification or judgment, or name and
> address of the original creditor, is mailed to the consumer

16

> by the debt collector.  Collection activities and
> communications that do not otherwise violate this

17

> subchapter may continue during the 30-day period referred
> to in subsection (a) unless the consumer has notified the

18

> debt collector in writing that the debt, or any portion of the
> debt, is disputed or that the consumer requests the name

19

> and address of the original creditor.   Any collection
> activities and communication during the 30-day period

20

> may not overshadow or be inconsistent with the disclosure

ORDER - 7

> of the consumer's right to dispute the debt or request the
> name and address of the original creditor.

15 U.S.C. §1692g(b).

Defendant states that he sent Plaintiff a demand letter outlining Plaintiff's specific debt amount ($19,635.97) per the requirements in *Clark*. ECF No. 22 at 6; ECF No. 15-2 at 1. Plaintiff contends she made several attempts to verify and validate the debt. ECF No. 28 at 2-3. Plaintiff states that Defendant has not made any effort to verify and validate the debt. ECF No. 5 at 5; ECF No. 15-5 at 1; ECF No. 28 at 33. The letters Plaintiff provided in her initial disclosures and again in her objection, ECF Nos. 15, 28, all refer to a dispute between Plaintiff and Bank of America for an amount of $17,228.54. ECF No. 15-1 at 1, 4; ECF No. 15-3 at 1, 4; ECF No. 15-4 at 1, 4; ECF No. 28 at 9, 10, 13, 16, 18, 21. None of these letters reference the debt owed to JP Morgan Chase. *Id.* Plaintiff also provided a copy of a suit filed February 2, 2023, in Benton County District Court which states, "JPMorgan Chase Bank, N.A. vs. KATHY J ESPINDA." ECF No. 15-7 at 5. This suit states it is for the unpaid balance of $19,625.97. *Id.* at 6. Plaintiff, in her objection to Defendant's Motion for Summary Judgment, continues to refer to Defendant as someone working "on behalf of Bank of America" and continues to refer to the $17,228.54 debt. EFC No. 28 at 3. Plaintiff states that this debt is disputed under 15 U.S.C. § 1692g(b). ECF No. 15-3 at 2; ECF No. 28 at 9, 14, 19.

ORDER - 8

1  However, Plaintiff does not provide any evidence she requested a validation for the

2  debt at issue in this case.

3      Plaintiff also contends she is "entitled to demand presentation of the

4  negotiable instrument," pursuant to the Uniform Commercial Act.  ECF No. 28 at

5  2.  As this Court has previously stated, the Uniform Commercial Codes has no

6  relevance to the issues at hand.  *See Espinda*, 4:23-cv-5155-MKD (ECF No. 5)

7  (citing *United States v. Perkins*, 2013 WL 3820716, at *1-*2 (N.D. Ga. 2013)).

8  Plaintiff also contends Defendant was required to show the "original wet

9  signature" of the contract.  ECF No. 28 at 2.  Plaintiff does not cite to any

10  precedent to support her contention.  Courts have found debts were properly

11  verified even where only copies were provided, and not originals with "wet

12  signature."  *See, e.g.*, *Dinsmore-Thomas v. Ameriprise Fin., Inc.*, No. SACV 08-

13  587DOCPLAX, 2009 WL 2431917, at *1 (C.D. Cal. Aug. 3, 2009).  Plaintiff also

14  contends Defendant was required to provide written verification of his "business

15  relationship with his client."  ECF No. 28 at 4-5.  However, Plaintiff does not

16  contend that Defendant failed to satisfy the requirements of Section 1692(g).

17      Defendant has met the burden in showing there is no genuine dispute of

18  material fact on this issue.  While Plaintiff has provided evidence of her disputing a

19  debt to Bank of America in the amount of $17,228.54, Plaintiff has not provided

20  any evidence of her disputing the $19,625.97 debt to JP Morgan Chase.  ECF No.

ORDER - 9

28.  Further, Plaintiff contends Defendant failed to provide proof of things, such as a wet signature, that are not required to verify a debt.  Plaintiff relies only on her conclusory allegation unsupported by data to contend Defendant did not properly validate the debt, which fails to demonstrate an issue of material fact.  *Id.*; *see Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").  Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Plaintiff has not demonstrated there is a genuine issue of material fact.

**B. Remaining Claims Under the FDCPA**

Defendant contends that Plaintiff has failed to show evidence for any of Plaintiff's remaining claims under the FDCPA.  ECF No. 22 at 9.  Defendant contends that Plaintiff's remaining claims under 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 31 § U.S.C. 3729 thus fail.  *Id.*

*1. False, Deceptive, or Misleading Representations*

Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  It further lists the specific conduct that violates the section including:

ORDER - 10

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of –
  (A) the character, amount or legal status of any debt; or
  (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(1)-(3).

Defendant contends that "[he] did not violate 15 USC § 1692e when attempting to collect on this debt." ECF No. 22 at 9-10. Defendant further contends that the only argument and evidence Plaintiff presented as to the alleged deceptive practices is "directing this Court to an outdated address for Suttell & Hammer, P.S., found on a wholly unassociated website." *Id.* at 10. Defendant contends that the existence of an outdated address "on a website unrelated and uncontrolled by Defendant does not show deceptive means and is not one of the enumerated violations under 15 USC § 1692e." *Id.*

Plaintiff appears to contend Defendant engaged in deceptive practices by having an outdated address listed on a website. ECF No. 15-9 at 3; ECF No. 28 at 5. Plaintiff provided what appears to be a printout of the City of Bellevue Registered Businesses' listing for Suttell & Hammer, which shows a change in the physical address. ECF No. 15-11 at 1-2. Plaintiff states, "Defendant was receiving

ORDER - 11

mail from me and an 'Emily Ray' each time was signing his paperwork at the 8th Street Suttell & Hammer address located in Bellevue.  But when I made an attempt to serve Suttell & Hammer directly, there was no such address."  ECF No. 28 at 5. "The landlord at this address stated… that Suttell & hammer was there several years ago but no longer there, and… unit #605 in the Defendants correspondence did not exist in their building."  *Id.*  Plaintiff contends, "This business is clearly running a fictitious business…."  *Id.*

Defendant has met the burden in showing there is no genuine dispute of material fact on the issue of 15 U.S.C. § 1692e.  Plaintiff has not presented evidence demonstrating that there is a genuine dispute of material fact.  Plaintiff does not contend that Defendant engaged in any of the conduct listed as violations in 15 U.S.C. § 1692e.  Plaintiff only makes conclusory statements, such as stating Defendant has not shown proof of a contract between Defendant and the creditor other than his "word which on its face is fraudulent and not sufficient evidence." ECF No. 28 at 6.  While Plaintiff contends Defendant used a fake physical address, Plaintiff concedes Defendant's office was previously located at the listed address, and Plaintiff does not contest the fact that she had Defendant's correct mailing address.  *See id.*  Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Plaintiff has failed to

ORDER - 12

demonstrate a genuine issue of material fact, and Defendant is entitled to summary

judgment on the issue of 15 U.S.C. § 1692e.

    *2.  Unfair or Unconscionable Means*

        Section 1962f states, "A debt collector may not use unfair or unconscionable

means to collect or attempt to collect any debt."  15 U.S.C. § 1962f.  The section

lists examples of conduct that violate the section, such as "The collection of any

amount . . . unless such amount is expressly authorized by the agreement creating

the debt or permitted by law."  15 U.S.C. § 1962f(1).

        Defendant contends that "[he] did not violate 15 USC 1692f when

attempting to collect on this debt."  ECF No. 22 at 10.  Defendant further states

that he is "unable to determine Plaintiff's allegations related to this cause of action

as Plaintiff has not answered Defendant's interrogatories and requests for

production," and contends that none of Plaintiff's allegations amount to a violation

of any of the acts listed in Section 1962(f).  *Id.*

        Plaintiff did not provide a clear, direct response to Defendant's statements

on this issue.  ECF No. 28.  Plaintiff appears to contend Defendant engaged in

unfair or unconscionable means to collect the debt because he failed to "provide

the proof of the fictitious address," he has not validated the debt, and he has not

provided proof of "the contract with these creditors mentioned other than

[Defendant's] word which on its face is fraudulent and not sufficient evidence."

ORDER - 13

*Id*. at 5-6.  It is unclear how Plaintiff alleges Defendant violated Section 1962.  As discussed *supra,* the allegedly fictitious address was Defendant's prior physical address, and Plaintiff had access to Defendant's mailing address.

Defendant has met the burden in showing there is no genuine dispute of material fact on the issue of 15 U.S.C. § 1692f.  Plaintiff has not presented evidence demonstrating that there is a genuine dispute of material fact as to Defendant allegedly engaging in unfair or unconscionable tactics in collecting Plaintiff's debt.  Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Defendant is entitled to summary judgment on the issue of 31 U.S.C. § 3729.

   *3.  False Claims*

The Fair Debt Collection Practices Act creates liability for "[A]ny person who-- (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)…." 31 U.S.C. § 3729 (a) (1).

Defendant states "Plaintiff claims she contacted JP Morgan Chase customer service and the customer service agent was unable to verify whether Defendant and

ORDER - 14

his employer are authorized to collect on this debt."[3]  ECF No. 22 at 11.

Defendant further states that "Plaintiff did not provide any evidence for these

allegations and ignored Defendant's interrogatory and requests for production to

expand on her contentions…."  *Id.*  Defendant concludes "…Plaintiff simply

alleging a customer service representative is unable to verify Defendant's

involvement is not evidence that Defendant used false or fraudulent claims."  *Id.*

 Additionally, Defendant states that "Suttell & Hammer, P.S. is a creditors-

rights law firm that assists it's clients through litigation of past due credit

accounts."  *Id.*  "At all relevant times herein, [Defendant] was working in the scope

of his employment and as directed by JP Morgan Chase."  *Id.* at 12.  "JP Morgan

Chase engaged Suttell & Hammer, P.S. regarding Plaintiff's credit account to

recover an alleged debt of $19,625.97."  *Id.*

 While Plaintiff alleges Defendant violated Section 3729, it is unclear how

she believes Defendant violated the section.  ECF No. 1 at 3.  It appears she is

contending Defendant's "word which on its face is fraudulent," ECF No. 28 at 6,

and that Defendant is fraudulently attempting to collect the debt.  However,

Defendant has met the burden in showing there is no genuine dispute of material

---

[3] Defendant incorrectly cites to ECF No. 1 at 9 as the location of this information.

This information can be found in Plaintiff's initial disclosures, ECF No. 15-5 at 1.

ORDER - 15

1   fact on the issue of 31 U.S.C. § 3729, and Plaintiff's conclusory statements,

2   unsupported by any evidence, are not sufficient to create a genuine issue of

3   material fact.  *See Hansen*, 7 F.3d at 138.  Even viewing the evidence in the light

4   most favorable to Plaintiff and drawing all reasonable inferences in her favor,

5   Defendant is entitled to summary judgment on the issue of 31 U.S.C. § 3729.

6   **C. Claims of Breach of Encroachment and Trespass**

7       Defendant contends that Plaintiff's alleged violations of Breach of

8   Encroachment and Trespass are not viable because both actions are related to real

9   property which are not present here.  ECF No. 22 at 12.

10      *1.  Breach of Encroachment*

11      Plaintiff's Complaint states "Breach of Encroachment – An intrusion on a

12  person's territory, rights, etc."  ECF No. 1 at 3.

13      The U.S. Constitution protects a person's property interests.  *Jordan-*

14  *Arapahoe, LLP v. Board of Cnty. Comm'rs of County of Araphoe, Colo.*, 633 F.3d

15  1022, 1025 (10th Cir. 2011).  Actual property interests, however, are created from

16  existing rules or understandings from sources such as state law.  *Bd. of Regents v.*

17  *Roth*, 408 U.S. 564, 577 (1972).  In real property, an encroachment is the building

18  of, or extension of, a structure that violates the property rights of another.  *See*

19  *Yates v. Milwaukee*, 77 U.S. 497 (1870); *Guam Scot. Rite Bodies v. Flores*, 486

20  F.2d 748, 749 (9th Cir. 1973).  At its most basic, the court, when evaluating

ORDER - 16

encroachments, must see if: (1) the plaintiff has possessory right to the property at issue; (2) an actual intrusion or encroachment onto the property occurred; (3) the encroachment was created by or on behalf of the defendant; and (4) the defendant had lack of permission or other authority for the intrusion.  *See Garcia v. Henley*, 415 P.3d 241, 243 (2018); *Davis v. Westphal*, 405 P.3d 73, 78 (2017); 18 Dorsaneo, Texas Litigation Guide § 280.102 (2024).  Plaintiff does not give any additional information or basis in law for this claim, nor does she address Defendant's Motion for Summary Judgment on this claim in her Objection of Summary Judgment.  ECF No. 28.

In Plaintiff's objection she restates, "[t]he Defendant has not provided any proof that Bank of America, Chase Bank or JP Morgan are his clients… I have the right to ensure he is representing who he says he is… and that I am not being [de]frauded.  Fraud vitiates everything." *Id.* at 4.  Plaintiff's only encroachment argument is in her Complaint, which states:

> I contacted JP Morgan, and Tracy from their legal department stated to me not only did they not have KATHY J. ESPINDA, or KATHY J. CLAPPER in their system (which was a past legal entity name I was in control over that is no longer being used) but she also stated that she did not see that Dylan R. Cardoza was in any way affiliated with their bank, nor was Suttell & Hammer, P.S. How Could JP Morgan be the Plaintiff in Dylan's case, and not have any ties in their data base to me or their firm? This is a violation against me, a trespass, and encroachment on me as a woman…

ORDER - 17

1  ECF No. 1 at 5.

2      Defendant has met the burden in showing there is no genuine dispute of

3  material fact as to the claim of breach of encroachment.  Plaintiff has not presented

4  evidence demonstrating that there is a genuine dispute of material fact regarding

5  any encroachments against her.  Even viewing the evidence in the light most

6  favorable to Plaintiff and drawing all reasonable inferences in her favor, Defendant

7  is entitled to summary judgment on the breach of encroachment claim.

8      *2. Trespass*

9      Plaintiff's Complaint states "Trespass - To commit an unlawful injury to the

10  person, property, or rights of another, with actual or implied force or violence,

11  especially to _enter onto another's land wrongfully._"  *Id.* at 3 (as written).  An

12  intentional trespass claim must demonstrate the defendant's actions have "(1)

13  invaded the plaintiff's interest in the exclusive possessions of [her] property, (2)

14  been committed intentionally, (3) been done with the knowledge and reasonable

15  foreseeability that the act would disturb the plaintiff's possession, and (4) caused

16  actual and substantial damages."  *Bradley v. Am. Smelting & Refin. Co.*, 104

17  Wn.2d 677, 692-93 (1985).  Other courts have considered and rejected the

18  contention that a party demanding payment of a debt owed for a property amounts

19  to trespassing on said property.  *See, e.g.*, *In re Ward*, 583 B.R. 558, 566 (Bankr.

20  S.D. Ga. 2018).

ORDER - 18

Defendant has met the burden in showing there is no genuine dispute of material fact as to the claim of trespass. Plaintiff cites only to Defendant demanding payment of a debt as evidence of an alleged trespass. ECF No. 1 at 5. Plaintiff has not presented evidence demonstrating specific facts showing that there is a genuine dispute of material fact for any of the four elements for an intentional trespass claim. Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Defendant is entitled to summary judgment on the claim of trespass.

## CONCLUSION

Viewing the facts and drawing inferences in the manner most favorable to Plaintiff, no genuine dispute of material fact exists regarding any of Plaintiff's claims. Plaintiff was given notice of the summary judgment rule requirements, ECF No. 26, yet Plaintiff did not present evidence to demonstrate there is a triable issue of material fact on each element of her claims. As such, Defendants are entitled to summary judgment on all claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** with prejudice.

ORDER - 19

1    3. The Court certifies that an appeal of this Order would not be taken in

2 good faith.  *See* 18 U.S.C. 18 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

3    **IT IS SO ORDERED.**  The District Court Executive is directed to file this

4 Order, enter judgment accordingly, provide copies to *pro se* Plaintiff and counsel,

5 and **CLOSE** the file.

6    DATED June 12, 2024.

7                    *s/Mary K. Dimke*
                    MARY K. DIMKE
8              UNITED STATES DISTRICT JUDGE

ORDER - 20